J-S29023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                              :                   PENNSYLVANIA
                                              :
           v.                                :
                                              :
                                              :
AARON BRUCE FELDMAN             :
                                              :
            Appellant             :       No. 3713 EDA 2016

Appeal from the Judgment of Sentence October 21, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007929-2014

BEFORE:  PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 29, 2018**

Aaron Feldman (Appellant) appeals from the judgment of sentence of three to twelve months of imprisonment, followed by two years of probation, imposed after a jury convicted him of one count each of corruption of minors[1] and conspiracy to possess drug paraphernalia,[2] and two counts each of possession with intent to deliver drug paraphernalia to a person under age 18[3] and possession of drug paraphernalia.[4]  We affirm.

The facts of this case are not in dispute.  As stated by Appellant:

> Lower Moreland Police, in their investigation of [a] residential burglary and theft that had been committed by [a]

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).
[2] 18 Pa.C.S.A. § 903; 35 P.S. § 780-113(a)(32).
[3] 35 P.S. § 780-113(a)(33).
[4] 35 P.S. § 780-113(a)(32).

---

\*   Former Justice specially assigned to the Superior Court.

juvenile, obtained a search warrant for the residence at 843 Cardinal Lane, Huntington Valley, PA 19006. This was the residence of Appellant's son and his wife[5] and was also the location where the juvenile burglar stated that he had been smoking marijuana with Appellant and three other minors. . . .

The residential burglary occurred on or around May 25, 2014, at the home of another minor. The minor who later admitted to those crimes was questioned on or around May 26, 2014, at which time the minor claimed he had been with Appellant and three other minors the prior day. The other three minors were also questioned by police and acknowledged they had been with [the juvenile burglar] on the day of the burglary and that [the juvenile burglar] had a large sum of cash. Appellant and his wife, the owners of the searched property, were also questioned by police in regard to the residential burglary that had occurred. Of the four minors, the Affidavit of Probable Cause, dated May 29, 2014, lists only [the juvenile burglar] and another minor as giving statements that Appellant purchased items from a smoke shop in Philadelphia. A search, based upon the warrant, took place and certain items were found in four different areas of the residence in which Appellant, his wife, and their minor son, "J.F.", all lived. Based upon the items recovered and the statements by [the juvenile burglar][6] and [another minor], as well as video from the smoke shop that showed Appellant purchasing an "ash catcher," Appellant was charged, on or about August 14, 2014, with a variety of crimes involving the use of the purchased paraphernalia with minors.

Appellant's Brief at 7-8.

_____

[5] As Appellant later concedes, it was his residence also.

[6] The juvenile burglar told police that he was friends with Appellant's son, to whom he gave some of the stolen money; he also stated that he gave Appellant some of the money to buy beer and the ash catcher for smoking marijuana. He testified at trial that Appellant drove him and the other juveniles to the "1 Stop Smoke Shop" where Appellant bought the ash catcher and a bong. N.T., 6/29/16, at 91. Afterwards, they returned to Appellant's home where Appellant cleaned the bong, and smoked marijuana and drank beer with the juveniles. *See id.* at 89-127.

A jury convicted Appellant of the aforementioned crimes on July 1, 2016, and the trial court sentenced him on October 21, 2016. On October 31, 2016, Appellant filed a post-sentence motion seeking modification of his sentence. The trial court denied Appellant's post-sentence motion, and on November 23, 2016, Appellant filed a timely notice of appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925. On appeal, Appellant presents this Court with the exact issues he presented to the trial court in his Rule 1925(b) concise statement. *See* Appellant's Concise Statement, 4/24/17.

I. Did the Trial Court err in failing to grant the Omnibus Pretrial Motion which sought the suppression of all fruits of the search warrant of [Appellant's] home. Specifically, the crimes listed as the basis for this warrant were listed as Theft and Burglary and the Commonwealth knew that [Appellant] was not the guilty party in the crimes that police officers stated they were investigating. The warrant was therefore not sufficient to justify the search and seizure of any items within [Appellant's] home. Further, the warrant does not describe what portion of the residence was to be searched and is therefore overly broad and impermissible as such?

II. Did the Trial Court err when it failed to grant [Appellant's] trial counsel's motion for a mistrial during the actual jury trial in this matter. That Motion occurred when the Assistant District Attorney had a conversation with a testifying witness during a break in the proceeding and prior to that Witness's cross-examination, despite a specific instruction by the Trial Court that no such conversation should take place?

III. Was there insufficient evidence to support a conviction of [Appellant] for any of the crimes for which [Appellant] was convicted. This is particularly true since, absent physical evidence that was seized in the illegal search, the Commonwealth evidence was substantially reliant upon the testimony of a known repeat felon who was far from credible

both as a result of *crimen falsi* prior actions and as a result of his actual testimony during the trial in this case. This is the same witness who had a conversation with the Assistant District Attorney during the witness's testimony that was the subject of the motion for mistrial?

IV.   Did the testimony and evidence presented during the jury trial in this matter lack credibility to such a degree that the jury rendered a verdict that was against the weight of the evidence?

Appellant's Brief at 5–6.

Following a review of the certified record and the parties' briefs, we conclude that the opinion of the Honorable Gail A. Weilheimer adeptly analyzes Appellant's four issues and arguments, and applies the correct law to findings of fact that are supported by the record. We discern no abuse of discretion. Accordingly, we adopt Judge Weilheimer's August 17, 2017 opinion as our own and affirm Appellant's judgment of sentence based upon the trial court's well-reasoned and comprehensive opinion. *See* Trial Court Opinion, 8/17/17, at 11–21 (explaining, *inter alia*, that the search warrant was supported by probable cause because "the information contained within . . . the affidavit of probable cause was sufficient to enter a valid search warrant; specifically there was probable cause to believe that a search of Appellant's home would yield fruits of the burglary; specifically an 'ash catcher' and a glass 'pipe/bowl' purchased with some of the stolen cash, and other drug paraphernalia used by Appellant and the four (4) boys to smoke marijuana together"); *id.* at 21–23 (finding that although the prosecutor's private conversation with the witness during a recess was improper, it was not done in "bad-faith

- 4 -

overreaching" and did not deny Appellant a fair and impartial trial); *id.* at 23–30 (explaining that the evidence was "sufficient to prove Appellant guilty beyond a reasonable doubt of the crimes for which he was ultimately convicted") and *id.* at 31–36 (finding that the jury's verdict was not against the weight because the "evidence presented at trial that supported Appellant's convictions was credible, while the testimony of witnesses that attempted to exculpate Appellant was understandably biased and incredible").[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18

---

[7] We note our agreement with the Commonwealth and our supplemental finding that Appellant has waived his weight claim because he failed to raise it with the trial court prior to sentencing or in a post-sentence motion as required by Pa.R.Crim.P. 607. However, we reference the trial court's merits analysis because even in the absence of waiver, Appellant's weight claim does not warrant relief.